UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:

Kevin Henry and Rosemarie Henry,                Case No. 09-79579-ast
                                                 Chapter 7
                        Debtors.
------------------------------------------------------X

## DECISION AND ORDER GRANTING FEES AND EXPENSES
## TO COUNSEL PURSUANT TO 11 U.S.C. § 329

### Issues Before the Court and Summary of Ruling

Pending before the Court is the Statement of Legal Services (the "Statement") filed by Craig D. Robins, Esq. ("Counsel"). [dkt item 35]  Counsel had sought to withdraw as counsel for Debtors herein, Kevin Henry and Rosemarie Henry ("Debtors"). [dkt item 19]  Incident to granting Counsel's withdrawal, this Court directed Counsel to file a fee statement, and provided Debtors an opportunity to object, so this Court could assess the reasonableness of the fees Debtors paid to Counsel for this chapter 7 case.  Counsel timely filed the Statement on May 4, 2011.  Debtors did not file an objection.[1]

For the reasons stated herein, this Court approves as reasonable the $2,000.00 fee Debtors have paid, plus the $299.00 filing fee, and denies any further compensation to Counsel for this case.

### Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O), and 1334(b), and the Standing Order of Reference in effect in the Eastern District of New York.

---

[1] Although Debtors did not object to Counsel's fees, they did file a letter addressed to Chief Judge Craig dated May 4, 2011, "requesting a review of our case." [dkt item 36]

Order - p. 1

**Procedural History**

On December 14, 2009, Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Petition Date"). [dkt item 1] Counsel was retained by Debtors to represent them in connection with this chapter 7 bankruptcy filing. According to the Rule 2016(b) statement filed by Counsel, prior to the filing of this bankruptcy case, Debtors paid Counsel $2,000.00, plus the $299 filing fee. [dkt item 1]

Immediately following the filing of this case, Richard L. Stern, Esq. was initially appointed as chapter 7 trustee; however, Mr. Stern was not able to serve in this capacity, and Marc A. Pergament, Esq. was then duly appointed as trustee ("Trustee"). The first meeting of creditors pursuant to 11 U.S.C. § 341 (the "Initial 341 Meeting") was scheduled for and held on January 12, 2010.

**The Evidence Before This Court**

This Court has before it evidence as to time expended and fees incurred for the period from May 18, 2009, through and including April 22, 2011.

When this case was initially filed, Counsel filed a Disclosure of Compensation under Rule 2016(b) of the Federal Rules of Bankruptcy Procedure. Therein, Counsel disclosed a legal fee of $2,000.00 plus the $299.00 filing fee, which was paid prior to the Petition Date. [dkt item 1] Counsel's Rule 2016 disclosure provides that the agreed scope of representation of Debtors as follows:

> 4. The Services rendered or to be rendered include the following:
>
> a) Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under title 11 of the United States Code.
> b) Preparation and filing of the petition, schedules, statement of financial affairs and other documents required by the court.
> c) Representation of the debtor(s) at the meeting of creditors.

Order - p. 2

[dkt item 1] Counsel's contemporaneously filed Affirmation of Pre-Petition Services filed in accordance with E.D.N.Y. Local Bankruptcy Rule 2017-1 (the "2017 Affirmation"), details billing rates of "equivalent hourly charge for services rendered in bankruptcy proceedings" at $375.00 per hour for Craig D. Robins, Esq., $250.00 per hour for associates, and $150.00 per hour for paralegals. The 2017 Affirmation then details prepetition services rendered, as follows:

> 4. The following pre-petition services were performed:
>
> a. Explanation of the purpose and effect of the filing of a Chapter 7 petition and analysis of whether the filing of such a petition is in the best interest of the debtor(s). In addition, the debtor was informed of the relief available under Chapter 11 and Chapter 13.
>
> b. Interview of debtor(s) to obtain all necessary information for the preparation of a Chapter 7 or 13 petition, schedules, and statement of financial affairs and payment plan if Chapter 13.
>
> c. Classification of debts; calculation of debts; classification of property of the debtor(s) and calculation of values; recalculation of total debts and property for summary; determination of exemptions and applicable amounts.
>
> d. Drafting, preparation and review of petition, schedules and statement of financial affairs and meeting and/or conferring with debtor(s) regarding execution of documents.
>
> e. Various conferences with debtor(s) to answer questions and explain the effects of filing for bankruptcy, etc.

The Rule 2017-1 Affirmation then states:

> 7. The legal fee does not include representation in any adversary proceedings, motion practices or investigations commenced by creditors, the Chapter 7 Trustee, or the office of the United States Trustee.

[dkt item 1]. This Court does not reach a determination of whether such an exclusion would be appropriate in light of E.D.N.Y. Local Bankruptcy Rule 2090-2(a).[2]

A dispute arose during this case over certain tax refunds and other nonexempt assets. On November 5, 2010, following unsatisfied demands made by the Trustee upon Debtors, the Trustee applied for an order pursuant to 11 U.S.C. §§ 105, 521, and 542, compelling Debtors to turn over the total sum of $8,688.25, representing the nonexempt portion of the Debtor's 2009 federal and state tax refunds and the cash balance that was held in the Debtor's bank accounts on the Petition Date (the "Turnover Motion"). [dkt item 20]  Following a hearing held on November 30, 2010, this Court entered an Order directing Debtors to turn over $8,688.25 to the Trustee. This Court gave Debtors sixty (60) days from entry of the Order to enter into an agreement with the Trustee for repayment or to pay this award; failing same, Debtors were Ordered to pay the Trustee the additional sum of $500.00 as the estate's attorneys fees and costs incurred in seeking turnover of these nonexempt funds (the "Turnover Order"). [dkt item 23]

The Turnover Motion and issues underlying same became a source of discontent between Counsel and Debtors. By motion filed November 1, 2010, Counsel sought to withdraw as counsel for Debtors. [dkt item 19]  Debtors filed opposition thereto on December 20, 2010. [dkt item 25]  A hearing thereon was held on February 15, 2011. At the hearing Debtors appeared and stated they

---

[2] *In General.*

The attorney of record for a debtor, or an attorney acting of counsel to such attorney and who is knowledgeable in all aspects of the case, shall appear on behalf of the debtor in every aspect of the case, including but not limited to appearing at the Bankruptcy Code § 341 meeting and any adjournments thereof, and defending an adversary proceeding, contested matter, motion, or application filed against the debtor during the pendency of the bankruptcy case. Except as provided in subdivisions (b) and (c) of this rule, an attorney of record for a debtor shall not exclude from the attorney's representation of the debtor any aspect of the case, including but not limited to, appearing at the Bankruptcy Code § 341 meeting and any adjournment thereof, and defending an adversary proceeding, contested matter, motion, or application filed against the debtor during the pendency of the bankruptcy case.

E.D.N.Y. LBR 2090-2(a).

believed they had disclosed their use of the tax refunds and non-exempt cash to Counsel, and did not understand why they had to pay those sums to the Trustee. This Court directed Counsel to assist Debtors in efforts seeking resolution of the Turnover Motion and Turnover Order with the Trustee.

Debtors did not pay or make an agreement to pay the $8,688.25. Ultimately, on March 28, 2011, this Court entered a nondischargeable judgment against Debtors for the sum of $9,188.25, plus interest at the federal rate from December 2, 2010. [dkt item 31]

This Court entered an Order authorizing Counsel's withdrawal on May 16, 2011, and, in light of Debtors stated dissatisfaction with Counsel, directed Counsel to file a fees statement. The evidence submitted through the billing Statement and the 2017 Affirmation discloses that, for the period from May 18, 2009, through and including April 22, 2011, Counsel expended 37.95 total hours of time working on various matters for Debtors, at charges that greatly exceed $2,000.00.[3] [dkt item 35]

### Legal Analysis

In a Chapter 7 case, Section 329 of the Bankruptcy Code authorizes this Court to determine the reasonableness of compensation paid to a debtor's attorney for representing the interests of a debtor in connection with a bankruptcy case. Bankruptcy Rule 2017(b) provides that, after notice and hearing, the court may determine whether a debtor has paid or agreed to pay an excessive fee to an attorney. Thus, this Court is expressly authorized to analyze and determine whether any payment made to a debtor's attorney is reasonable or excessive, whether such agreement is made

---

[3] Counsel's Statement does not include a tally of the total fees based up on the respective billing rates for each attorney and paraprofessional who performed services on this case, and must so provide in any future fee statement. However, based upon this Court's review, such total would be well in excess of $2,000.00; Jason Liebowitz, Esq. alone expended 21 hours at his stated hourly billing rate of $250.00.

before the order for relief (Rule 2017(a)), or after the order for relief (Rule 2017(b)), so long as such services are "in any way related to the case."

None of the various provisions of Bankruptcy Code § 330 governing compensation in Chapters 11, 12, or 13 applies in a chapter 7 case. However, this Court has previously determined that the standard for determining reasonable compensation of a Chapter 13 debtor's counsel is helpful in determining the compensation to be allowed to a Chapter 7 debtor's counsel. *See In re Datta,* No. 08-72740, 2009 WL 1941974 (Bankr. E.D.N.Y. July 2, 2010).

Bankruptcy Code Section 330(a)(4)(B) provides as follows:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B).[4]

The burden of proof on the reasonableness of the legal fees charged rests with Counsel. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *accord In re Bolton*, 43 B.R.598, 600 (Bankr. E.D.N.Y 1984).

Thus, the inquiry for this Court is whether Counsel has met his burden of proving the reasonableness of the $2,000.00 he has charged in this case, and if any higher fee is appropriate. In addition to assisting in the preparation of Debtors' Schedules and Statement of Financial Affairs,

---

[4] The "other factors" referenced in § 330(a)(4)(B) are:
(A) the time spent on such services;
(B) the rates charged for such services;
(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
(E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

and appearance at the mandatory Section 341 Meeting and general bankruptcy counseling, Counsel attempted to assist Debtors in efforts to resolve the Turnover Motion and Turnover Order.  This Court has concluded that although Counsel has met his burden of proof as to the $2,000.00 he was paid, this case was not so complicated that any additional fees should be awarded.

Based on the foregoing, it is

ORDERED, that Counsel is allowed fees of $2,000.00, plus the filing fee of $299.00, but that no additional fees shall be paid by Debtors to Counsel for this bankruptcy case.



**Dated: June 22, 2011**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**